ADDISON L. CLARK, ADMINISTRATOR, vs. CHARLES C. FULLER, ADMINISTRATOR, AND OTHERS.

A note and mortgage were made by A to the wife of C, with the intent on the part of A to defraud his creditors. This intent was known to C, who transacted the business with A, but was not known to the wife, who had at the time no knowledge of the transaction. Held that the wife acquired no rights under the mortgage as against the creditors of A, that it made no difference whether there was a consideration, and that, as her title rested on the acts of her husband as her agent, his knowledge was to be regarded as hers.

BILL for a foreclosure; brought to the Superior Court for the county of New London. The following facts were found by the court.

The note was for $6,000, executed by Erastus O. Andrew to Julia C. Clark, dated December 28th, 1868, and was secured by a mortgage of the same date. Julia C. Clark was at the time the wife of Addison L. Clark, the petitioner. She had since died, and the petition was brought by him as her administrator. The respondent was the administrator of the estate of Andrew.

When the note and mortgage were executed the business was transacted entirely by Andrew on the one part, and Addison L. Clark on the other; there being no proof that Mrs. Clark was consulted, or that she consented to, or had any knowledge respecting the matter.

At the time of the execution of the note and mortgage, Andrew was engaged in certain stock speculations, to such an extent that, if they should result in any considerable loss, he would be unable to meet his liabilities and become bankrupt; and in anticipation of such a contingency he made the note and mortgage, intending to create an incumbrance on the property for his own benefit, and to deceive his creditors if he should prove insolvent. Clark, who was a brother-in-law of Andrew, was fully aware of this purpose, and was willing to aid in accomplishing it.

The following is the statement of the consideration proved to have passed between the parties:—Five United States five-

twenty bonds, amounting together to the sum of $400; these were passed to Andrew by Clark very near the date of the note and mortgage; then a check on a New York bank for $1,500; this was received by Andrew January 1st, 1869; a note for $1,213.77, which matured and was cashed March 3d, 1869; a note for $1,213.78, which matured and was paid March 16th, 1869; and money in addition, to make up the sum of $6,000, at the same date.

The interest of Mrs. Clark in these funds is as follows: Some ten years ago Mr. Clark gave his wife $1,000, which she loaned to a brother of hers, who went into business with Mr. Clark, and they continued together for several years. When they dissolved, the money loaned to her brother by Mrs. Clark, was paid up with interest, and loaned to Mr. Clark. On two occasions Mr. Clark had sold real estate in the state of New York, and Mrs. Clark received on one occasion $500, and on the other $1,000, as the consideration for signing the deeds of conveyance, relinquishing her interest in the land sold. This money was loaned by Mrs. Clark to her husband and used by him in his business. He was indebted to her at the date of this note and mortgage in about the sum of $4,000. No calculation of interest and no settlement between them was made, and the residue of the funds to make up $6,000 was considered by Mr. Clark as a gift to his wife.

Mr. Clark became insolvent in March, 1868, and compromised with his creditors at twenty-five cents on the dollar. Two payments to his largest creditor, to whom he owed about $48,000, fell due on this compromise, after the date of the note and mortgage which are the subject of this suit. No evidence was offered going to show any payments on this note except the indorsements made on the same, to wit:—one for $200, dated September 16, 1869; one for $223.59, dated December 24, 1869; and one for $390.40, dated October 1st, 1870. Andrew died in the early part of October, 1870, and his estate is deeply insolvent. A part of the indebtedness now existing against his estate was existing at and before the note and mortgage existed. He was at that time in good credit.

Upon these facts the Superior Court reserved the case for the advice of this court.

*Wait* and *Holbrook*, with whom was *Swan*, for the petitioner.

*Halsey* and *Lucas*, for the respondent Fuller.

*Pratt*, for certain creditors of the estate of E. O. Andrew.

BUTLER, C. J. We have had no hesitation in respect to the advice which should be given in this case. It is very clear upon the facts that the petitioner's intestate, Mrs. Clark, never had any title to the note and mortgage in question, as against the creditors of E. O. Andrew, or the respondent who represents them. It is distinctly found that the note and mortgage were made by Andrew for the fraudulent purpose of covering up the mortgaged property, and that A. L. Clark, the husband of the petitioner's intestate, transacted the business with Andrew, without the knowledge of his wife, but with full knowledge of the fraud, and with the intent to aid and assist in committing it. It was not the intention of the parties that the note should vest in Mrs. Clark, or be delivered to her, or be holden for her benefit, unless it became necessary in order to consummate the fraud. It is immaterial that Mrs. Clark did not know of the fraud, for no effect can be given to the transaction without holding A. L. Clark to have been her agent, and in that case the knowledge of the agent would be the knowledge of the principal. *Bank of New Milford* v. *Town of New Milford*, 36 Conn., 94. It is of no importance whether under the circumstances her acceptance of the mortgage can be presumed or not, for if she had no title to the note, the petitioner can take nothing by his petition. Nor is it important what agreement was made between Clark and Andrew as to the passing of money by the former to the latter. The import of the word " passed" in the finding, taken in connection with the other facts found, is, that the money and property were delivered to Andrew colorably, and not to be retained by him as a loan ; but however this may be, it is sufficient, as against this representative of creditors, some of whom were creditors at the time of the transaction, that the fraudulent intent contemplated by the statute in relation to

fraudulent conveyances, existed, and was the governing motive of both parties to the transaction.

For these reasons we advise that the bill be dismissed.

In this opinion the other judges concurred.