## Toledo, Wabash and Western Railway Co.

### *v.*

### Julia A. Brooks.

1. Railway company—*not liable to parties guilty of fraud in procuring passage.* Where a person knowingly induces the conductor of a train of cars to carry him on such train without paying fare, contrary to the rules of the company and the instructions to the conductor, it is a fraud upon the company, which will preclude a recovery by such person for any injury sustained whilst being so carried.

2. Husband and wife—*husband fraudulently obtaining passage for wife on railroad.* Where the husband, whilst traveling with his wife, fraudulently induces a conductor to carry them without paying fare, contrary to the conductor's instructions, the husband is the agent of the wife, and she will be chargeable with notice of all regulations of the company of which the husband is apprised.

Writ of Error to the Circuit Court of Champaign county; the Hon. C. B. Smith, Judge, presiding.

Messrs. Hay, Greene & Littler, for the plaintiff in error.

Messrs. Cunningham & Webber, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

The questions presented in this case were discussed in a case between the same parties at the present term of this court. *Ante*, 245. Defendant in error, in company with a person she claims was her husband, got upon the train at Decatur, to go to Danville, without procuring a ticket or paying any fare. The husband, in the presence of the wife, represented that they had no money, when, in fact, they had more than enough to have paid their fare to that place. The husband, in the presence of defendant in error, was informed that it was contrary to the regulations of the company for persons to travel on the road without a ticket or paying fare.

On the trial, in the court below, the court instructed the jury that it did not matter whether defendant in error had a

ticket or had paid her fare; and refused to instruct the reverse of this proposition.

In the other case between these parties, at the present term, it was held, that it was material; that when a person knowingly induces the conductor to carry him without paying fare, contrary to his instructions, it is a fraud on the company, which precludes a recovery.

She, however, denies that she knew of the regulation, but in this she is flatly contradicted by other witnesses. But, be this as it may, even if it were conceded that she was not informed, her husband was, and he was engaged in endeavoring to fraudulently procure her passage on the road without paying fare. He was her agent, and what he knew in reference to the matter is the same as if it had actually come to her knowledge. She can not profit by the fraudulent acts of her husband. Had he, by fraud, acquired property for her, and in her name, it is manifest that she could not have protected herself by pleading ignorance of his fraud, and thus hold the property. And in principle, the two cases are alike.

The court below erred in giving these instructions for defendant, and in not giving the reverse of them for plaintiffs in error.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*