## SARAH B. HILLHOUSE *vs.* JOHN ADAMS.

New London Co., May T., 1888.   PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A negotiable note made by the defendant to *H*, was by the latter fraudulently transferred to the plaintiff, his wife, who brought suit upon it. The defendant was a creditor and would have had a right of set-off against the note if the suit had been brought by *H*. Held that, the plaintiff having acquired no title to the note against the defendant, the suit would be regarded as brought by her for the benefit of *H*, as the real plaintiff, and that the defendant could make his set-off against it.

[Argued May 29th—decided July 20th, 1888.]

ACTION on a promissory note ; brought originally before a justice of the peace, and, by appeal, to the Court of Common Pleas in New London County.   Heard before *Crump, J.*, and judgment rendered for the plaintiff and appeal by the defendant.   The case is sufficiently stated in the opinion.

*S. S. Thresher* and *C. W. Comstock*, for the appellant.

*W. C. Noyes*, for the appellee.

PARK, C. J. The plaintiff seeks, among other things, to recover the amount of a negotiable note of forty dollars given by the defendant, the maker, to one William Hillhouse, and by him endorsed to his wife, the plaintiff. The defendant makes a general denial, and further answers that the transfer of the note to the plaintiff was made by William Hillhouse when hopelessly insolvent, for the fraudulent purpose of avoiding payment of a large sum which he was then owing the defendant, and he prays the court to declare the transfer void and allow him to set off his claim against it in the same way that he could have set it off if William Hillhouse had been the plaintiff.

The plaintiff demurred to this part of the answer, assigning the following grounds:

1. That the matters therein alleged do not constitute a defence to the matters alleged in the complaint.

2. That the question whether the transfer was or was not fraudulent cannot be considered upon an answer to this complaint.

The court sustained the demurrer and held the answer insufficient. We think the court erred in so holding.

The law will never assist fraudulent parties to accomplish their fraud, but will leave them where it finds them. This is well settled law, that needs only to be stated. Can that principle be applied here?

The demurrer admits the allegation of the answer that the note was fraudulently transferred to the plaintiff for the purpose of evading the claims of the defendant. The transfer was therefore void against creditors and against the defendant. The plaintiff therefore is without title to the note as against the defendant, and cannot maintain a suit upon it against him ; except as, having the bare legal title she may be regarded as holding the note in trust for her husband and he as the real plaintiff, in which case the suit would be open to the defendant's set-off. 1 Swift Dig., 433 ; *Clark* v. *Fuller*, 39 Conn., 238. The law will never aid a fraudulent scheme in any of its stages. The object of the plaintiff's suit was to compel the payment by the defendant

of a note which had been fraudulently transferred to her, and for the purpose of evading his right of set-off against it. The court will aid the defendant in such a case by allowing him to make the set-off.

There is error in the judgment complained of, and it is reversed.

In this opinion CARPENTER, PARDEE and LOOMIS, Js., concurred. BEARDSLEY, J., dissented.