Jacob Hoehn v. Chicago, P. & St. L. Ry. Co.

1. CARRIERS OF PASSENGERS—*When a Person is Not a Passenger.*— A person does not become a passenger by inducing the conductor in disregard of his duty and in fraud of the rights of the company to permit him to ride without the payment of fare.

2. CARRIERS OF PASSENGERS—*When a Person is Not a Passenger—Application of the Rule.*—A person who furnished liquor to the conductor of a train, which he knew did not carry passengers, to secure his consent to ride without the payment of fare, does not become a passenger for hire within the meaning of the law applicable to carriers of passengers.

3. QUESTION OF FACT—*Forcing a Person Off the Train.*—The question as to whether the conductor of a railroad train compelled a person who was riding upon it to jump off is one of fact for a jury to determine.

4. CONTRIBUTORY NEGLIGENCE—*What is.*—Where the conductor of a freight train told a person riding thereon that it was safe in his opinion to jump off while the train was in motion, if not otherwise induced to do so, such an act would be contributory negligence and would bar a recovery for damages sustained in so doing.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

Appellee's third and fifth instructions, the giving of which is assigned for error:

Third.    If the jury believe from the evidence, that the plaintiff entered a caboose car attached to a special freight train of defendant, at or near Long Lake, intending to go to Edwardsville, Ill., and that said train was not a passenger train, or one that carried passengers, that plaintiff did not pay any fare for being transported on said train, and that afterward, and while the train was in motion, the plaintiff went upon the step of the caboose car and stood upon the step of the same, and while the train was in motion, voluntarily got off of said train, or was thrown off by the motion of the train, and thereby received the injury complained of, then plaintiff was guilty of contributory negligence in producing the injury, and he can not recover in this case.

Fifth.    The court instructs the jury further, that if they believe from the evidence that the conductor of the train mentioned, pushed the plaintiff, Hoehn, as he, Hoehn, was about to get out of the caboose car, and used insulting language, ordering the plaintiff to get off the train, and in consequence thereof the plaintiff got onto the step outside of the car and stood upon the same while the train was moving, and that this occurred at or about the time the train was crossing Vandalia street, still, if they further find from the evidence that the conductor, after so pushing the plaintiff, let him go and did not again take hold of plaintiff, or attempt to take hold of him, and that the plaintiff continued to ride on said step, and did so ride for a distance of some 800 feet, and that plaintiff deliberately selected a place to alight from said car, and did in fact jump off of said car while the conductor was in another part of said car and was using no effort to force the plaintiff off of said car, then said plaintiff was guilty of negligence in so getting off of said car, and has no right to recover a verdict in this case.

## STATEMENT OF THE CASE.

The declaration contains two counts.    The first alleges that on the 4th day of October, 1891, the plaintiff, at or

near the station of Stallings, on the line of defendant's road, became a passenger for reward, to be carried from thence to Edwardsville, a station on the line of defendant's road; that when the train, upon which he became a passenger as aforesaid, reached Edwardsville, it was willfully and negligently run past the platform and depot there, a distance, to wit, of two hundred yards, when plaintiff, while using due care, the train being in motion, was forced and compelled to alight from said train by the conductor, who laid hands upon the plaintiff, and told him that unless he jumped off then and there, he would kick him off, whereby the plaintiff was then and there forced to step from said train, and in doing so, was thrown with great violence to and upon the ground, by means whereof he was seriously injured, etc.

The second count alleges that the plaintiff became a passenger at a water tank near Stallings station, by the consent of the conductor, who agreed to stop the train at Edwardsville, which, when the train arrived there, he refused to do, but ran it through Edwardsville, to the eastern limits thereof, where the conductor ordered the plaintiff to get off said train, while the same was in motion, which the plaintiff refused to do, whereupon the conductor carelessly and negligently placed his hands upon the plaintiff, and willfully forced him to alight from the door of said car in said train, to and upon the ground with great force and violence, whereby he was injured, etc.

The material facts as disclosed by the evidence are, that the plaintiff lived at Edwardsville, and owned and ran a saloon and place of amusement near Stallings station. On Sunday morning, the 4th day of October, 1891, he and a man named Stark went down from Edwardsville to this resort. About eleven o'clock in the forenoon, a through freight train stopped at the water tank to obtain a supply of water, and while there, as claimed by the plaintiff, the conductor went into the resort, whereupon inquiry was made if the train would stop at Edwardsville, and if they, plaintiff and Stark, could ride. The answer being in the affirmative, Stark set up the drinks and plaintiff the cigars, for the conductor, and Stark also gave the conductor a bottle of

whisky, which was drunk on the way to Edwardsville, so that, as claimed, the conductor became intoxicated and also the brakeman. Stark testified he " paid the conductor two drinks of whisky and a bottle of whisky for our transportation." No fare was paid.

When the train arrived at Edwardsville, some nine or ten miles from Stallings station, it did not stop at the depot, and the plaintiff, in attempting to alight while the train was in motion, was hurt. The caboose did stop from two to four hundred feet beyond where plaintiff was hurt.

The plaintiff and Stark claim that the conductor, in a rough and profane way, ordered plaintiff off while the train was going, and took hold of him and pushed him to the door of the car, which door was in the side, and then ordered him off or he would be kicked off, and that under the influence of these threats he attempted to leave the train.

The plaintiff in a part of his testimony says that after the conductor got him on the steps of the car he left him, and thereafter the plaintiff rode, as appears by the evidence, some 800 feet, before he jumped. He says : " I selected a good place after he left the door and jumped so as not to get hurt." Stark got off after the train had slowed up, about sixty yards after Hoehn got off, and was not injured. He says, " the train was running slow when I got off."

The caboose in which the parties were riding was an ordinary box car, with no end platforms, but with side doors narrowed, and a step on each side to aid in getting in and out of the car. There had been no trouble whatever between the conductor and either Stark or the plaintiff at any time. There was evidence to show that plaintiff knew that train did not carry passengers, although he denied such fact.

The conductor admits that he and the brakeman drank liquor with Stark, but denies that he agreed to take them as passengers; that he shoved the plaintiff off or ordered him off. He claimed that the train was running about five or six miles an hour when the plaintiff got off and was at a full stop when Stark got off some six or seven car lengths farther along. He was discharged by the company very soon thereafter.

The jury found for the defendant.

The following interrogatories were propounded to the jury on the part of the defendant:

1st. Was the conductor using any force to compel the plaintiff to leave the train at the time that the plaintiff in fact got off of said train? Which was answered, no.

2d. Did not the plaintiff deliberately select a place at which to jump off of said train, while said train was in motion and while no force was being used to compel him to get off of said train? Which the jury answered, yes.

APPELLANT'S BRIEF, CYRUS L. COOK AND E. BREEZE GLASS, ATTORNEYS.

The third and fifth instructions given for the defendant are fatally defective and erroneous, and should not have been given to the jury; because an instruction in an action for injury by negligence is fatally defective if it ignores the fact that the party asking it is required to use due care and caution. Lake Erie & W. R. R. Co. v. Morian, 140 Ill. 117; Lake Shore & M. S. Ry. Co. v. O'Conner, 115 Ill. 258; Rolling Mill Co. v. Morrissey, 111 Ill. 650; Abend v. T. H. & I. R. R. Co., 111 Ill. 210.

Negligence is a question of fact and not of law, and therefore an instruction which defines particular acts, or their omission, as negligence, is erroneous, and should not be given. City of Chicago v. McLean, 133 Ill. 154; St. Louis, A. & T. H. R. R. Co. v. Russell, 39 Ill. App. 445; Jones v. Johnson, 12 Ill. App. 286; Lake Shore & M. S. Ry. Co. v. O'Conner, 115 Ill. 258; Chicago & E. I. R. R. Co. v. Tilton, 26 Ill. App. 363; Meyers v. I. & St. L. Ry. Co., 113 Ill. 386; C. T. & H. Co. v. O'Brien, Admx., 19 Brad. 231; C., M. & St. P. R. R. Co. v. Krueger, 23 Ill. App. 639; C. & A. R. R. Co. v. Fisher, 141 Ill. 614.

Whether a reasonably careful man would have done differently than plaintiff did, is a question for the jury, and the court should not instruct the jury that certain facts, if proved, constitute negligence. Neither should such facts be assumed when there is a controversy as to such facts. Chicago, St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 587;

Chicago & A. R. R. Co. v. Barber, 15 Brad. 630; Chicago & N. W. Ry. Co. v. Dunleavy, 27 Ill. App. 438; Terre Haute & I. R. R. Co. v. Voelker, 129 Ill. 540; St. Louis B. Co. v. Miller, 138 Ill. 465; Indianapolis & St. L. R. R. Co. v. Miller, 71 Ill. 463.

It can not be laid down as a rule of law in any given case that certain specific acts are essential to the exercise of ordinary care, or that the absence of such acts is negligence; neither is it negligence *per se* to alight from a street car while in motion, or from a train in motion. This depends upon all the attendant circumstances. Chicago, M. & St. P. Ry. Co. v. Wilson, 133 Ill. 55; Chicago & A. R. R. Co. v. Bonfield, 104 Ill. 223; U. C. St. R. R. Co. v. Williams, 140 Ill. 275; Lake Shore & M. S. R. R. Co. v. Brown, 123 Ill. 162; Wabash Ry. Co. v. Elliott, 98 Ill. 481; L. S. & M. S. Ry. Co. v. Hundt, 41 Ill. 221.

Whether the plaintiff was negligent, and thereby contributed to the injury, and if so, whether to an extent that would bar his recovery in action therefor, must be determined by the jury upon a due consideration by them of all the attendant and surrounding facts and circumstances proved. The court should define negligence, but leave all inferences arising from the facts proved to the jury. City of Chicago v. Moore, 139 Ill. 201; Frana v. Penn. Co., 112 Ill. 398; Hutchinson v. Railway Co., 120 Ill. 587; Meyers v. Ind. & St. L. R. R. Co., 113 Ill. 386; City of Chicago v. McLean, 133 Ill. 148; T. H. & I. R. R. Co. v. Voelker, 129 Ill. 552; Penn. Co. v. Conlan, 101 Ill. 106; C. & E. I. R. R. Co. v. O'Conner, 119 Ill. 597; Penn. Co. v. Marshall, 119 Ill. 399; C. & A. R. R. Co. v. Pennell, 94 Ill. 448; Brown v. City of Aurora, 109 Ill. 165; G. W. R. R. Co. v. Haworth et al., 39 Ill. 346; C. & A. R. R. Co. v. Adler, 28 Ill. 102; City of Mendota v. Fay, 1 Bradw. 418; Meyers v. I. & St. L. Ry. Co., 113 Ill. 386.

Appellee's Brief, Dale, Bradshaw & Terry, Attorneys.

It is the settled rule in this State that a party receiving injury, in order to recover must show either that he is him-

self free from, and the defendant is guilty of negligence, or if the plaintiff is guilty of negligence that it is slight, and that of defendant is gross or wanton, or the injury willfully inflicted. Chicago & N. W. R. R. Co. v. Coss, 73 Ill. 394.

Even if a servant of the railroad, either conductor or brakeman, should tell a passenger that he thought it would be safe for him to leap from the train and left it optional with the passenger to do so or not as he pleased, and in leaping from the train the passenger should be injured, the company would not be liable. C. & A. R. R. Co. v. Randolph, 53 Ill. 510; also C., B. & Q. R. R. Co. v. Sykes, 1 Brad. 520.

Questions of negligence or comparative negligence are questions of fact which must be left to the determination of the jury. G. & C. U. R. R. Co. v. Dill, 22 Ill. 264; Barkett v. Bond, 12 Ill. 87.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The material facts, as disclosed by the evidence and as shown in the statement, would justify the jury in finding, first, that the appellant knew the conductor of the freight train had no right to carry him as a passenger, at the time in question; second, that he knew or connived at the procuring of whisky and cigars for the conductor of the train to induce him to allow Stark and himself to ride on the train to Edwardsville, without paying any fare, and that the conductor was so induced to act; third, the conclusion of law upon this state of facts would be, that he was not a passenger for reward, as averred in the first count of the declaration, nor a passenger under any lawful agreement with the conductor that was binding upon the appellee, as averred in the second count of the declaration, so as to impose upon the appellee that duty of care or treatment arising out of the law of that relation. T. W. & W. R. R. Co. v. Beggs, 85 Ill. 801; C., B. & Q. R. R. Co. v. Mehlsach, 131 Ill. 61–64.

A person does not become a passenger by inducing the conductor, in disregard of his duty, and in fraud of the rights of the company, to permit him to ride without the payment of fare. T. W. & W. Ry. Co. v. Brooks, 81 Ill. 292, 295.

The means used to secure the consent of the conductor to ride without the payment of fare, which resulted in both the conductor and brakeman becoming intoxicated, while in charge not only of valuable, but dangerous property if not operated by sober men, in no way lessens the vice of appellant's conduct or mitigates the injury done to appellee thereby.

It follows from the above conclusion that the appellee was under no obligation to the appellant to stop its train at the depot at Edwardsville in order that he might alight on the platform.

That duty was not to wantonly be an aggressor toward third persons, whether they were on or off the train. C., B. & Q. R. R. Co. v. Mehlsach, 131 Ill. at p. 65.

This brings us to the charge that the injury to appellant was wantonly inflicted by the conductor forcing him to jump from the train while it was rapidly in motion.

This was a question of fact for the jury, which, in answer to a special interrogatory, found that the conductor did not force the appellant to jump from the car while the train was in motion. On the contrary, the jury found, in answering another interrogatory, that the appellant deliberately selected a place at which to jump off said train while in motion, without any force being used to compel him to do so.

There was evidence to support these findings of fact. Stark, the appellant's companion, got off the train some sixty yards further down the track, as he testified, without injury, when the train was running at a slow rate of speed. The train came to a full stop within a few hundred feet after appellant got off. There does not seem to be any reason or motive that would induce the conductor to force appellant off the car while the train was in rapid motion, when he was so soon to stop his train. There was no quarrel of any kind.

The same motive that would have induced the conductor to force appellant from the train, would have applied to Stark as well, and yet there is no pretense that any force was applied to him. Again, the train could not have been running twelve or fifteen miles an hour when appellant

jumped, and running very slow when Stark got off sixty yards farther down the track. Even if the conductor did tell the appellant it was safe, in his opinion, to jump off while the train was in motion, if not induced thereto otherwise, and he thought it was unsafe, such act would be contributory negligence that would bar a recovery, had he been a passenger. C. & A. R. R. Co. v. Randolph, 53 Ill. 510. But he was not a passenger.

Particular objection is made to the third and fifth instructions given for the appellee; we think they properly state the law as applicable to the facts, as found by the jury in this case, or as applicable to the facts as disclosed by this record.

The instructions offered on behalf of appellant and refused by the court, so far as they correctly stated the law, were in substance embodied in the first instruction given.

If there were errors as to ruling on the admission of evidence, they were not material as affecting the verdict actually returned.

Believing that substantial justice has been done, the judgment is affirmed.