MARY A. ALLEN ET AL. V. GEORGE L. GARRISON.

No. 774. Decided March 27, 1899.

**1. Trial by Court—Absence of Findings.**

Where a case is tried by the court without findings of fact and law, the judgment will not be reversed if upon any theory of the case which there was evidence to sustain it should be affirmed. (P. 548.)

**2. Notice to Agent.**

Notice to an agent, to bind the principal, should be brought home to the agent while engaged in the business or negotiation of the principal, and when it would be a breach of trust in the former not to communicate the knowledge to the latter. (Pp. 548, 549.)

**3. Fraud by Agent.**

Where an agent has effected a transaction for his principal by fraudulent practices the latter can not exempt himself from the consequences of such conduct by asserting that he had no knowledge of the fraud. (Pp. 548, 549.)

**4. Same—Husband and Wife.**

A trustee sold land under the powers of a mortgage, with knowledge that it had been released, but the release not recorded, to one whom, as agent for his wife, he had procured to bid it in for her. Held, that she could not take the benefit of his act, though without knowledge of the release. (Pp. 547-549.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Harris County.

Garrison sued Allen and others for the recovery of certain lots, for which he had judgment, which was affirmed on appeal by defendants, who thereupon procured writ of error.

*Goldthwaite & Moody,* for plaintiffs in error.—The court erred in its conclusion of law that the notice possessed by H. P. Mansfield (as found by the court in its findings of fact) should be imputed to Mrs. Mansfield by reason of the fact (as found by the court) that he acted as her agent on the day of sale. Loan Agency v. Taylor, 88 Texas, 47; Kauffman v. Robey, 60 Texas, 308.

*Boyd & Thompson,* for defendant in error.

GAINES, CHIEF JUSTICE.—The defendant in error brought this suit against the plaintiffs in error, Mary Allen, and her husband, J. A. Allen; Adelaide Richardson and her husband, Thomas Richardson; and also against Lula V. Mansfield and her husband, H. P. Mansfield, and one W. D. Crow, to recover certain lots in the town of La Porte, in Harris County. Mansfield and wife and W. D. Crow disclaimed as to all the lots. The defendants Allen and wife pleaded not guilty as to six of them and disclaimed as to all the others. Richardson and wife set up title to four of the lots not claimed by Allen and wife and disclaimed as to all the others. There was a judgment for the plaintiff for all the lots claimed in his petition except for lot numbered 18, which was one of the four claimed by Richardson and wife. This judgment was affirmed by the Court of Civil Appeals.

The facts affecting the title to the lots in controversy as found by the latter court are stated in their opinion, as follows:

"It appears from the facts that A. M. York is common source of title, and that he, on the 28th of February, 1894, executed a deed of trust, naming R. E. Wilson as trustee, for the use of John J. Bragg, to secure a note executed by York to Bragg for the sum of $3500, covering the lots in controversy. On October 3, 1894, A. M. York conveyed to E. P. York these lots, and E. P. York conveyed, on December 10, 1894, the lots to the appellee Garrison. On December 14, 1894, John J. Bragg, by a written release in favor of E. P. York, released all the lots in controversy, except outlot 18, from the deed of trust. This release was properly recorded in the mortgage records of Harris County, where the lots were situated, on December 15, 1896. Some time prior to November 9, 1896, there then remaining a small balance due on the $3500 note that had been executed by A. M. York to Bragg, Bragg transferred the deed of trust to one Crow. The negotiations leading up to this transfer were carried on between Bragg and H. P. Mansfield, and we find as a fact, in this connection, that while the note and deed of trust was formerly transferred to Crow, that H. P. Mansfield was the real purchaser thereof from Bragg. R. C. Wilson, the trustee named in the deed of trust, refusing to act, H. P. Mansfield, acting as trustee, did, on November 19,

1896, sell the lots at trustee's sale to his wife, Mrs. Lula V. Mansfield, and she and her husband, H. P. Mansfield, conveyed a part of the lots in controversy to one of the appellants, Mrs. Mary J. Allen, on January 6, 1897, and others of the lots in controversy to one of the appellants, Adelaide Richardson, on December 24, 1896.

"It appears that at the trustee's sale by Mansfield, he not only acted as trustee, but as the agent of his wife, Mrs. Lula Mansfield, in the purchase of the lots in controversy, and that the lots in controversy were, under the direction of Mansfield, struck off to a party who was then bidding for Mrs. Mansfield under the direction of H. P. Mansfield.

"Without setting out all of the facts which bear upon the point, there is evidence in the record which warrants the conclusion that H. P. Mansfield, before the trustee's sale and before the transfer of the notes and deed of trust from Bragg, knew that the lots in controversy had been released, or had been furnished with sufficient information to excite his inquiry into that fact.    *    *    *

"There are facts in the record which tend to show that the consideration paid by Mrs. Mansfield in the purchase of the lots at the deed of trust sale was her separate property, but it is clear from the facts that that sale was negotiated and the purchase made for her benefit by her husband, H. P. Mansfield, who was then and there acting as her agent; and, having found that he had notice of the release or had knowledge of fact sufficient to put him upon inquiry." etc.

The case was tried without a jury, and no conclusions of fact were filed by the trial judge. Hence, if the plaintiff was entitled to recover upon any theory of the case which there was evidence to sustain, the judgment ought to be affirmed. In his petition he pleaded in effect that Mansfield knew of the release of the mortgage and caused the sale to be made for the purpose of defrauding him. There was evidence to sustain this allegation as well as the other facts, as above stated.

The opinion of the Court of Civil Appeals seems to be predicated upon the theory that since the husband acted as agent of the wife in causing the purchase of the lots for her, notice to him, whether actual or constructive, that the release had been executed would be notice to her. When we granted the writ we were not prepared to concur in the proposition as broadly stated; and we are still inclined to the same opinion. In Pringle v. Dunn, 37 Wisconsin, 468, the Supreme Court of Wisconsin say: "It does not appear, even, that he (the husband) was acting as her agent in any legal sense; and besides, if he were, his knowledge acquired at another time, when not engaged in her business, ought not to be imputed to her. Notice, to bind the principal, should be brought home to the agent while engaged in the business or negotiation of the principal, and when it would be a breach of trust in the former not to communicate the knowledge to the latter." See also Loan Agency v. Taylor, 88 Texas, 47; Snyder v. Sponable, 1 Hill, 567; same case, 7 Hill, 427. This seems to be pretty well settled law, but we think it also true that where an agent has effected a transaction for his principal by fraud-

ulent practices, the latter can not exempt himself from the consequences of such conduct by asserting that he had no knowledge of the fraud. We so held in the case of the Bank v. Cruger, 91 Texas, 446. It was there decided that if Hunter and Miss Lottie Cruger, who induced the defendant to sign the note, acted for the bank in so doing, the bank could not avoid the defense that the execution of the instrument had been procured by false representations by pleading and proving that when it accepted the note it had no notice of the vice in the transaction. The rule applies equally to the case of the husband and the wife. Clark v. Fuller, 39 Conn., 238; Railway v. Brooks, 81 Ill., 292; Widner v. Lane, 14 Mich., 124; Warner v. Warren, 46 N. Y., 228.

We think we were in error in granting the writ of error in this case. Therefore, the judgment of the District Court and that of the Court of Civil Appeals are affirmed.

*Affirmed.*