## William T. Adams v. James Pease.

### Gen. No. 10,696.

1. CHATTEL MORTGAGE—*what invalidates.* If by any arrangement, express or implied, a mortgagee permits a mortgagor to continue in the sale of the mortgaged goods, for his benefit, the mortgage will be invalid as against attaching or execution creditors.

2. CHATTEL MORTGAGE—*what establishes fraud in.* A chattel mortgage to be in fraud of creditors must appear to have been given by the mortgagor and received by the mortgagee with a fraudulent intent; if, however, such mortgage secured debts to others than such mortgagee, yet if such mortgagee was acting as the agent of such other creditors, his fraud will be deemed their fraud.

3. CHATTEL MORTGAGE—*what sufficient fraud to invalidate.* A chattel mortgage is wholly void if the consideration therefor is exaggerated with fraudulent intent.

4. INSTRUCTION—*when error in giving, is harmless.* Where an instruction is given to the jury which is not predicated upon any evidence in the case, the giving of such instruction is not error which will reverse where it appears from a special finding of the jury that such instruction was in fact disregarded by them.

5. "THE EVIDENCE"—*defined.* The phrase "the evidence," as used in an instruction, means all the evidence.

6. FRAUDULENT CONVEYANCE—*where, so deemed under Attachment Act.* A conveyance made to hinder and delay creditors is a conveyance "to hinder, delay and defraud" such creditors within the meaning of the Attachment Act.

7. BURDEN OF PROOF—*where, rests.* The question as to where the burden of proof lies is determined from the pleadings and where the defendant merely filed the general issue, it is proper to instruct the

Adams v. Pease.

jury "that the burden of proof is upon the plaintiff and it is for him to prove his case by a preponderance of the evidence," notwithstanding the defense actually introduced under such plea was one of fraud—in other words, an affirmative defense.

Action with counts in trespass and trover. Error to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed March 18, 1904.

JOHN F. WATERS, for plaintiff in error; ROSENTHAL, KURZ & HIRSCHL, of counsel.

SMITH, HELMER & MOULTON, VOCKE & HEALY, and ALDEN, LATHAM & YOUNG, for defendant in error.

MR. JUSTICE STEIN delivered the opinion of the court.

Plaintiff in error, claiming under a chattel mortgage given him by James R. Kennedy, sued defendant in error, sheriff of Cook County, in trespass and trover for the value of a stock of goods which he had levied upon and carried away under divers writs of attachment against Kennedy. The plea was the general issue. Upon a verdict of not guilty judgment was rendered.

In February, 1896, Kennedy was conducting a merchant tailoring business at 129 Twenty-second street in Chicago. On the 6th of that month he executed to plaintiff in error a chattel mortgage upon the stock of goods, furniture and fixtures in the store, purporting to secure an indebtedness of $3,450 evidenced by three promissory notes of even date with the mortgage, one for $1,450 and two for $1,000 each, all payable to the order of plaintiff in error. The evidence tended to show that Kennedy, the mortgagor, was indebted to his wife, Anna R. Kennedy, in the sum of $2,000, to one John Lawrence, $400, and to plaintiff in error, $698, total $3,098, and by arrangement between the creditors the mortgage and notes were taken in the name of the plaintiff in error, he acting for the others. The difference between $3,450, the aggregate of the notes, and $3,098, the aggregate indebtedness, is claimed to have been for interest on the latter sum. The mortgage was recorded on

February 7 at 8:30 A. M., and on the same day, about noon, the mortgagee took possession of the store and mortgaged property, it being the understanding between the parties while the mortgage was being drawn that possession should be taken at once. The levy was made a few hours later, and the jury found specially that the mortgagee "took possession of the goods under said mortgage and held continued possession of said goods" before the levy.

There was proof tending to show that the indebtedness which the mortgage was given to secure was in part fictitious and that it was in other respects given to hinder and delay the general creditors of the mortgagor.

At the request of the defendant in error the following instruction was given:

"The court instructs the jury that even though you may believe from the evidence that the chattel mortgage offered in evidence by the plaintiff was given to plaintiff by James R. Kennedy in good faith and for a good and valuable consideration, yet if you believe from the evidence that the said Kennedy was permitted by the plaintiff and with the knowledge of the plaintiff, to conduct the business with the goods named in said mortgage and to make sales therefrom, and if you further believe from the evidence that said William T. Adams never did take actual possession of said property, and if you believe that after the execution of said mortgage, the witness Shockey, as deputy sheriff, levied attachment writs upon the goods conveyed by said mortgage, that then the said mortgage was invalid as to the defendants in this case, and your verdict should be for the defendant."

The instruction is objected to on the ground that it avoids the mortgage as matter of law simply by the mortgagee's knowingly permitting the mortgagor to conduct the business and make sales from the goods, and it is said that the jury should have been required to find that these things were done with fraudulent intent. The objection is not well taken. If by any arrangement express or implied the mortgagee permits the mortgagor to continue in the sale of the mortgaged goods for his benefit, the mortgage will be invalid as against an attachment or execution creditor. Huschle v. Morris, 131 Ill. 587.

Adams v. Pease.

It is further insisted there is no proof that Kennedy was permitted by the plaintiff to carry on the business or make sales, and that therefore the instruction was improperly given. There is direct evidence that no permission was given, but there is no direct evidence that it was given. If the permission existed, it must be inferred from the facts and circumstances in proof. Only a few hours passed between the making of the mortgage and the taking of possession by plaintiff in error. It does not appear that any goods were sold during that time. Under such circumstances it would naturally be very difficult to furnish proof from which the inference of permission having been given could be drawn. We have not been able to find any, and none has been pointed out. Nevertheless the instruction worked no harm to plaintiff in error. Under it the jury could not find against him without also finding that he had not taken possession of the mortgaged stock. But they found specially that he had. It will therefore be presumed that they disregarded the instruction, were not influenced by it, and took no action thereunder.

Other instructions are attacked on various grounds. One is that they are not conditioned upon the existence of a fraudulent intent in the making of the mortgage by both the parties to it. In our opinion they are not thus defective. While the language might have been fuller and more precise, yet the jury could not have understood it as authorizing a verdict of not guilty unless there was a joint fraudulent intent.

Another ground of objection is that the jury were substantially told it was sufficient if the intent existed on the part of the mortgagee without including the other two creditors to whom the mortgagor was indebted and who were also beneficiaries under the mortgage. But it was executed to plaintiff in error and in his name to secure an indebtedness owed in part to him and in part to each of the others. He acted as their agent and trustee with their knowledge and consent. If he was actuated by a fraudulent intent, it must be imputed to those whose agent and

trustee he was. Crowe v. Beardsley, 68 Mo. 435; Wiley v. Knight, 27 Ala. 336; Hart v. Sandy, 39 W. Va. 644; Crumlish v. R. R. Co., 32 W. Va. 244; Lund v. Society, 31 N. J. Eq. 355; Clark v. Fuller, 39 Conn. 238; Greenleve v. Blum, 59 Tex. 124.

Still another objection is that some of the instructions leave it to the jury to find the facts " from the evidence " and not " from the preponderance of the evidence; " and it is said that thereby the jury might find a fact from some of the evidence, and not from the whole. If this criticism is well founded, it applies with equal force to both phrases. A preponderance of the evidence would then also mean a preponderance of some of the evidence. In point of fact the words " the evidence " mean all the evidence.

It is urged that it was not enough for the jury to find that the object and purpose of the parties to the mortgage was to hinder and delay the creditors of the mortgagor, but that the word " defraud " should have been inserted after " delay." The statute reads " disturb, delay, hinder or defraud." Rev. Stat. ch. 59, sec. 4. To hinder and delay creditors in the collection of their claims is to defraud them. Weber v. Mick, 131 Ill. 520, 531.

By instruction No. 12 given for defendant in error, the jury were informed that if the mortgagor did not owe his wife "said sum of $2,000 * * * and that said excessive consideration was named in said mortgage with fraudulent intent, then said mortgage is void," etc. Counsel say: " We have yet to learn that a mortgage is made void if only excessive." The instruction does not so read; it requires in addition the existence of a fraudulent intent. No matter how small the excessive or spurious consideration may be, if the object of the parties in exaggerating the consideration and so inserting it was to defraud, it avoids the mortgage.

On behalf of the defendant the jury were instructed " that the burden of proof is upon the plaintiff and it is for him to prove his case by a preponderance of the evidence." It is urged that this is error because the defense, being

fraud, was an affirmative one. The burden of proof is determined by the pleadings, and not by the condition of the proof. Here the only plea was the general issue. It denied the plaintiff's case, and nothing further. The instruction was proper.

The judgment is affirmed.

*Affirmed.*