HOLMES et ux. v. LONG. (No. 868.)

(Court of Civil Appeals of Texas. El Paso. Nov. 14, 1918. Rehearing Denied Dec. 18, 1918.)

1. APPEAL AND ERROR ☞719(8) — ASSIGNMENTS OF ERROR—FUNDAMENTAL ERROR.

Where a judgment does not conform to the verdict, it presents fundamental error, which the appellate court will review without assignment.

2. PRINCIPAL AND AGENT ☞177(3) — KNOWLEDGE OF AGENT — IMPUTATION TO PRINCIPAL.

Where the agent of a purchaser of notes, as attorney for the payee, knew of the failure of consideration, such knowledge is imputable to the purchaser, and he cannot recover as a bona fide purchaser without notice.

Appeal from El Paso County Court, at Law; W. P. Brady, Judge.

Action by H. W. Long against George M. Holmes and wife. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

F. G. Morris, of El Paso, for appellants. Atlas Jones, of San Antonio, Claude Lawrence, of El Paso, and R. M. Turner, for appellee.

HARPER, C. J. This suit was filed by appellee on 15 promissory notes, executed by appellants, payable to Pomona Valley Investment Company. Plaintiff alleged that—

"Before maturity, the said company indorsed the said notes in blank and delivered them to M. A. Fleming, for plaintiff; the said Fleming being the agent of plaintiff in purchasing said notes for plaintiff."

The defendant pleaded failure of consideration and that they were obtained by false and fraudulent misrepresentations, in that they were given for deferred payments in the purchase from the company, payee, of the right to make a certain gas in the state of Arizona; that it was falsely represented to the defendant Holmes that the gas tanks or plants under the method would produce gas at less cost than was usually produced for towns and villages, but that in fact it cost more; that he gave notice of the failure of the consideration to the payee, and demanded the cancellation of the notes; that it was agreed to, but, the notes not being present, the payee's manager agreed to obtain them and return them to defendant, which was not done; that thereafter they were assigned to the plaintiff, with full knowledge upon his part of the fraud and failure of consideration.

The cause was submitted upon special issues, and, upon the verdict of the jury, judgment was entered for the amount of notes for the plaintiff, from which this appeal is prosecuted.

[1] But one assignment of error is urged by appellant, viz.: "The court erred in rendering judgment for plaintiff." Appellees suggest that this assignment cannot be considered under the rules, because it was not contained in the motion for new trial filed, but was filed after the motion was overruled. Upon the point, we cite Hess & Skinner Engineering Co. v. Turney et al. (Sup.) 203 S. W. 593, but without in any wise holding that it was decisive of the question under the facts presented by this record, because the case cited was tried without a jury and the instant case with a jury. But we conclude that, since the judgment in this case does not conform to the verdict of the jury, it presents fundamental error, which requires this court to review the case. Armstrong v. Hix, 107 Tex. 194, 175 S. W. 430.

[2] The proposition urged is that, under the verdict of the jury, the judgment should have been for the defendant. As applicable to this question the jury found:

"That the Pomona Valley Investment Company received the money paid by Long for the notes. That the said company through misrepresentations induced the defendant to execute the notes sued on. That Fleming had information or belief when he purchased the notes for Long that defendant claimed that they were caused to be executed through false representations. * * * That plaintiff or his attorney, Fleming, before the notes were purchased by Long, had information which should have put a man of ordinary prudence upon inquiry as to whether a defense or failure of consideration might be claimed as to said notes, and that, having such information, if it had been followed up by the use of ordinary diligence, they would have discovered the facts. * * * That Gentry or his attorney, Fleming, agreed to cancel the notes sued on before the sale to Long. * * * That Gentry was the manager of the said company, and that the company ratified the sale of the notes and received the money."

The exact point urged is:

"The jury having found that M. A. Fleming, attorney for plaintiff, through whom plaintiff purchased the notes sued on, knew of the de-

fense and agreed cancellation of the notes sued on, when he purchased them for plaintiff, and it appearing that said Fleming was general attorney for plaintiff in the investment of his money, when said Fleming learned of the defense and cancellation of said notes, and knew of said defense when he was making the purchase, the notice of the plaintiff's attorney must, under the circumstances of this case, be imputed to the plaintiff, and judgment should have been rendered for defendants."

The plaintiff, as will be noted in pleadings quoted, pleaded that Fleming was the agent of the plaintiff at the time be bought the notes, and Fleming, testifying for plaintiff, said he was the attorney for plaintiff, Long, at the time of the purchase. It is also noted that Fleming was at the same time, and for all the time of the transactions for which the notes. were given, the attorney of the payee company. The rule applicable here is clearly stated in Allen v. Garrison, 92 Tex. 546, 50 S. W. 335:

"Where an agent has effected a transaction for his principal by fraudulent practices, the latter cannot exempt himself from the consequences of such conduct by asserting that he had no knowledge of the fraud."

The same principle was declared to be the law in Bank v. Cruger, 91 Tex. 446, 44 S. W. 278.

By the finding of the jury that Fleming knew that the original payee had agreed to cancel the notes because of the failure of consideration, and by the further fact that plaintiff alleged· Fleming to be his agent at the time of the purchase of the notes, although the plaintiff had no knowledge of the fraud, so found by the jury, such a privity between them arose as to charge the plaintiff with the consequences of the acts of his agent, Fleming, as that the former took the notes with all the defenses to which they were subject in the hands of the original payee, and he cannot exempt himself from the consequences of the conduct of his agent by asserting that he had no knowledge of the fraud.

The cause must therefore be reversed, and judgment here rendered for appellant.

Reversed and rendered.