W. E. HARRINGTON ET AL. v. C. H. McFARLAND ET AL.

No. 19.

1. **Agency — Knowledge of Agent not Imputed to Principal, when.**—On a defaulting city collector's official bond, two of the city aldermen, with other persons, were sureties. The board of aldermen proposed to accept, in full settlement of the bond, a deed of the collector's homestead, worth but little more than half the amount of the default. Such deed was made, and was accepted by the board of aldermen at a meeting at which said two aldermen, members thereof, were present. The collector, joined by his wife, sued to recover the property, alleging that the deed was procured by means of threats, intimidation of the wife, etc., on the part of the two surety aldermen, and a demurrer to the petition was sustained. *Held:*

1. The agreement by the city with the sureties to accept such deed if they would procure it, and to thereupon release them on the bond, did not constitute the relation of principal and agent between the city and the sureties, and therefore the presence of the said two aldermen at the meeting of the board when the deed was accepted did not charge the city with notice of the threats, etc., in its procurement.

2. When an agent has a personal interest in a matter adverse to his principal, and which it is to his interest to conceal from his principal, the general rule is that his knowledge in such case will not be imputed to the principal.

2. **Notice—Pre-existing Debt—Case Followed.**—Under the authority of Webb v. Burney, 70 Texas, 322, it is held that the fact that the sole consideration for the deed to the city was a pre-existing debt, did not charge the city with notice of any irregularity in its procurement.

APPEAL from Grayson.    Tried below before Hon. H. O. HEAD.

*Brown & Bliss,* for appellants.—1. The procurement of the deed by threats to prosecute the husband of Janie Harrington, the failure of the officer to examine her privily, and the failure to explain the deed to her, were sufficient ground for setting aside the deed.    Wiley & Co. v. Prince, 21 Texas, 640; Ruleman v. Pritchett, 56 Texas, 482.

2. Two of the aldermen of the city of Sherman participated in the threats by which the deed was secured; the city had beforehand agreed to accept the deed if procured, and the two aldermen were present at the meeting of the city council when the deed was accepted by the city, which was notice to the city of the fact that the deed was procured by the threats made.    Bank v. Davis, 2 Hill, 451; The Distilled Spirits, 11 Wall., 356; Tagg v. Bank, 9 Heisk., 479; Bank v. Cushman, 121 Mass., 490; Fairfield v. Bank, 39 Am. Rep., 319.

3. The city of Sherman paid no consideration for the conveyance except the satisfaction of a pre-existing debt, and McFarland paid no consideration at all.    They were charged by the law with notice of the fact of procuring the deed by threats, the failure of the officer to explain the deed to Janie Harrington, and also the fact that she was not examined privily by the officer.    McKamey v. Thorp, 61 Texas, 648; Overstreet v. Manning, 67 Texas, 657; Bailey & Pond v. Tindall, 59 Texas, 540; Wiley & Co. v. Prince, 21 Texas, 640.

*A. Mayfield* and *Bryant & Dillard,* for appellees.—1. Want of privy examination, failure to explain the deed, and fraud in its procurement, would avoid it only as to a purchaser with notice.    Pierce v. Fort, 60 Texas, 464; Waltee v. Weaver, 57 Texas, 569; Davis v. Kennedy, 58 Texas, 516.

2. Notice to the two aldermen, Hall and Levy, acquired while they were not acting in an official capacity for the city, would not constitute notice to the city.    1 Dill. on Mun. Corp., 318, and note to sec. 305; Harrington v. School District, 30 Vt., 155; Hayden v. Turnpike Co., 10 Mass., 309.

3. The knowledge of Hall and Levy could not in any event be imputed to the city; for it appears from the petition that it was acquired before the meeting of the city council at which they were present, and does not appear that it was present in their minds at the time of the meeting. Kauffman & Runge v. Robey, 60 Texas, 308; Bank v. Hutchins, 53 Texas, 61; Bank v. Chase, 72 Me., 226.

4. The knowledge of Hall and Levy could not in any event be imputed to the city, because their interest was adverse to the interest of the city, and throughout the whole transaction they were acting to protect themselves as sureties on Harrington's bond.    Kauffman & Runge v. Robey, 60

Texas, 308; Wickersham v. Zinc Co., 18 Kans., 481; Frenkel v. Hudson, 82 Ala., 158; Bank v. Chase, 72 Me., 226.

5. The settlement of the debt of Harrington to the city, especially after the same had been sued upon, constituted such valuable consideration as to make the city an innocent purchaser. Webb v. Burney, 70 Texas, 322; Williams v. Pouns, 48 Texas, 141; 2 Dev. on Deeds, secs. 815, 816; 1 Pars. on Con.,*438; Van Dyke v. Davis, 2 Mich., 144; Taylor v. Patrick, 1 Bibb (Ky.), 168; Flannagan v. Kilcome, 58 N. H., 443; Stoddard v. Mix, 14 Conn., 12; Wehrun v. Kuhn, 61 N. Y., 623.

STEPHENS, ASSOCIATE JUSTICE.—W. E. Harrington and wife brought suit in the District Court of Grayson County against C. H. McFarland and the city of Sherman, to recover their alleged homestead in said city, which went off on demurrer; and from that judgment, rendered on the 25th day of December, 1889, this appeal is prosecuted.

Appellants alleged in their petition, to which demurrers were sustained, that on the 7th day of March, 1887, they owned in community right a homestead in the city of Sherman, which was occupied by them as such, they being husband and wife and having one child; that at said date the city of Sherman claimed an indebtedness against W. E. Harrington of $4000, due from him as a defaulting tax collector of said city, and that he had embezzled said sum; that R. G. Hall, Jake Levy, M. Schneider, J. H. Brittain, Jot Gunter, W. H. Williams, A. W. Gray, and A. Harrington were his sureties on his official bond, and that a suit was pending in the District Court of said county against W. E. Harrington and sureties, to recover the amount above named; that about the same time the sureties, or most of them, held a meeting and sent A. Harrington to Janie Harrington, appellant herein, to tell her that if she did not sign the deed to the lot in controversy, they would prosecute her husband and send him to the penitentiary; that she was unwilling to sign the deed, but was so frightened at said threat, and was so alarmed for the safety of her husband, that on the 7th day of March, 1887, she and her husband did sign and acknowledge the deed by which they conveyed the property in controversy to said city, the same being worth about $2500; that the sole consideration for the conveyance was the payment of said indebtedness; that R. G. Hall and J. W. Levy, two of the sureties who made the threat, were at the time the deed was made aldermen of said city, and were present at the meeting of the council of said city at which the deed was accepted by it, and thereby the said city had notice of the fact that she had been induced by threats to sign the deed, and that she did not sign the same willingly; that she was not examined privily by the officer who took her acknowledgment, but that J. W. Levy, one of the said sureties who had threatened her, was present when the acknowledgment was taken, and that the deed was not explained to her by the officer; and

that C. H. McFarland bought the property with actual notice of the above facts, and had paid no consideration therefor.

The general demurrer and the special exceptions, to the effect that the petition was insufficient to fix upon the city notice of the circumstances under which the deed was taken, because it showed that Hall and Levy, instead of acting as agents of the city, were acting for their own benefit, and adversely to the city, and that the allegation of a past due indebtedness as the sole consideration was insufficient, were sustained by the court, and appellants declined to amend.

Appellants alleged, in a supplemental petition, that the city of Sherman made a proposition to the sureties on said bond, that if they would procure from appellants a deed to the property in controversy to said city, that it would accept it in full satisfaction of the debt, and upon this being done the suit on the bond was dismissed.

Appellants' main proposition under the first assignment of error reads as follows:

"Two of the aldermen of the city of Sherman participated in the threats by which the deed was secured; the city had beforehand agreed to accept the deed if procured, and the two aldermen were present at the meeting of the city council when the deed was accepted by the city, which was notice to the city of the fact that the deed was procured by the threats."

As we understand the allegations in appellants' pleadings, the two aldermen who were present in the city council when the deed was accepted were interested, with other sureties on the bond of W. E. Harrington, in procuring the deed from said Harrington and wife to said city.

The alleged agreement of said city with said sureties to accept the deed and release them from liability on the bond if they would procure it to be made, does not seem to us to establish the relation of principal and agent, but shows rather that the sureties, including the two aldermen, occupied the attitude toward the city of independent contractors. Our conclusion is, that these two aldermen were interested adversely to the city in procuring said deed to be made in order to secure their release from liability on said bond. The fact that they were present in the city council when the deed was accepted would not charge the city with notice of the circumstances under which it was procured. The knowledge of an agent acquired in the transaction of his own private business is not ordinarily imputed to the principal. Kauffman & Runge v. Robey, 60 Texas, 308. As to whether such knowledge is imputed to the principal, if present to the mind of the agent while subsequently engaged in a transaction for the principal, the authorities are conflicting. One of the grounds upon which said knowledge is imputed is, that it is the duty of the agent to communicate it to the principal. This being the reason of the rule, it is held that the rule does not apply where the agent has a personal interest in a matter which would lead him to conceal his knowledge from his prin-

cipal, though cases may be found in conflict with this holding. Bank v. Davis, 2 Hill, 451; Bank v. Cushman, 121 Mass., 490; Fairfield v. Bank, 72 Me., 226; Wickersham v. Zinc Co., 18 Kans., 481.

. If these two aldermen had been guilty of obtaining the wife's signature and acknowledgment by means of duress and fraud, as alleged by appellants, it is morally certain that they would not have communicated this knowledge to the city council—the governing body of said city—when said deed was accepted; and we therefore think that their knowledge of the alleged fraud should not be imputed to the city.

The second assignment raises the question that the city must be deemed to have had notice, because it parted with no new consideration for the conveyance, but accepted it solely in satisfaction of a pre-existing debt. Were it not for the case of Webb v. Burney, 70 Texas, 322, we would be inclined to sustain this contention of appellants. That case, however, is directly in point, and for that reason alone we hold that this assignment is not well taken; and also, for the same reason, that the third and last assignment is not well taken.

It follows from these conclusions that the judgment of the court below must be affirmed, and it is accordingly so ordered.

*Affirmed.*

Delivered November 1, 1892.

Justice HEAD did not sit in this case.