GUARANTY STATE BANK v. BLAND et al.
(No. 122.)

(Court of Civil Appeals of Texas.    Beaumont.
Nov. 2, 1916.)

1. APPEAL AND ERROR ☞773(4)—FAILURE TO
BRIEF—SUBMISSION ON TRANSCRIPT.
Where appellant fails to file brief in the
court below or the Court of Civil Appeals, and
the case is submitted by the appellee on the
transcript, unless there is fundamental error,
the judgment must be affirmed.
[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3104, 3109; Dec. Dig. ☞
773(4).]

2. BILLS AND NOTES ☞525—HOLDER IN DUE
COURSE — FRAUD ON MAKER — KNOWLEDGE
OF TRANSFEREE—SUFFICIENCY OF EVIDENCE.
In a bank's suit on a note, evidence held
insufficient to sustain finding that the bank ob-
tained such note with knowledge of a fraud
practiced on the maker.
[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 1832–1839; Dec. Dig. ☞
525.]

3. BANKS AND BANKING ☞127—DEPOSIT OF
NOTE—SUFFICIENCY OF EVIDENCE.
In a bank's suit on a note, evidence held
insufficient to sustain the finding that the note
was ever received on deposit by the bank.
[Ed. Note.—For other cases, see Banks and
Banking, Cent. Dig. §§ 304, 310; Dec. Dig. ☞
127.]

4. BILLS AND NOTES ☞520—FRAUD—SUFFI-
CIENCY OF EVIDENCE.
In a bank's suit on a note, evidence held
insufficient to sustain finding that a defendant
obtained possession of the note sued on from
another defendant by means of false and fraud-
ulent representations of such character as to
amount to a fraudulent taking of the note with-
out consideration.
[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 1813, 1832, 1836, 1837;
Dec. Dig. ☞520.]

5. BILLS AND NOTES ☞525—HOLDER IN DUE
COURSE—PURCHASER IN GOOD FAITH FOR
VALUE—SUFFICIENCY OF EVIDENCE.
In a bank's suit on a note, evidence held
to show that the bank purchased the note in
suit, paying full value before maturity, with-
out knowledge that any fraud had been perpe-
trated by its transferor upon the maker, and
without any notice putting it upon inquiry.
[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 1832–1839; Dec. Dig.
☞525.]

6. BANKS AND BANKING ☞116(4)—NOTICE
TO CASHIER.
A bank, taking a note, was not taxed with
notice of facts, relative to fraud in the incep-
tion of the note, known to its cashier, whose
knowledge was acquired when acting solely in
his individual capacity, for himself and another
concern, in which the bank had no interest.
[Ed. Note.—For other cases, see Banks and
Banking, Cent. Dig. § 285; Dec. Dig. ☞
116(4).]

Error from District Court, Orange County;
A. E. Davis, Judge.

Consolidated suits by Guy M. Bryan, Jr.,
and the Guaranty State Bank of Houston,
Tex., against D. C. Bland and others.  To
review a judgment against plaintiff bank
and for a defendant, and for plaintiff Bryan
against three defendants, the bank brings

error.  Judgment reversed, and judgment
rendered for plaintiff bank.

John G. Tod and Mark G. Fakes, both of
Houston, for plaintiff in error.  Holland &
Holland, of Orange, for defendants in error.

MIDDLEBROOK, J.   This suit was brought
by Guy M. Bryan, Jr., against D. C. Bland,
A. M. H. Stark, C. C. Waller, Lewis R.
Bryan, and Chas. C. McRay, in the dis-
trict court of Harris county, Tex.  The cause
was dismissed in the Harris county court
as to defendants Lewis R. Bryan and Chas.
C. McRay, and upon pleas of privilege inter-
posed by defendants D. C. Bland and A. M.
H. Stark, the cause was transferred to the
district court of Orange county, Tex.  The
plaintiff in error, Guaranty State Bank of
Houston, Tex., filed its cause originally in
the district court of Orange county, Tex.,
against D. C. Bland, A. M. H. Stark and C.
C. Waller.  Defendants Bland and Stark an-
swered in both cases, but the defendant Wal-
ler, though properly served, did not answer.
By agreement of all parties, the two cases
were consolidated and tried together before
the court, without the assistance of the
jury.  Guy M. Bryan sued to recover upon
two promissory notes of $500 each given by
D. C. Bland and A. M. H. Stark, secured by
vendor's lien upon a certain tract of land
in the city of Orange, Orange county, Tex.,
which notes were alleged to have been duly
transferred by D. C. Bland to defendant C. C.
Waller, and by him sold, transferred, and
assigned to plaintiff Guy M. Bryan, before
maturity, and for value.  The plaintiff Guar-
anty State Bank brought this suit in the
usual form of debt and foreclosure upon a
promissory note for $500 given by the defend-
ant D. C. Bland to the defendant Stark, and
by Stark transferred to defendant C. C.
Waller, and alleged to have been sold, trans-
ferred, and delivered by him to the plaintiff
Guaranty State Bank for value, and before
maturity.  The three notes were given as
part of the consideration for the execution
of a deed from Stark to Bland, and secured
by the same vendor's lien contained in said
deed.  Bland and Stark filed answers to both
suits, which were substantially the same,
setting up among other defenses that the de-
fendant C. C. Waller had by fraudulent mis-
representations obtained the possession from
the defendant A. M. H. Stark the note sued
on by the plaintiffs in said cases, together
with other securities, stocks, etc.  That the
defendant Waller in these transactions was
acting for himself and the plaintiff, and with
their knowledge and acquiescence; that the
plaintiff was a party to the transaction and
knew thereof, and its nature; that no title
passed from the defendant Waller to the
plaintiffs in said cases.  The case was tried
by the district judge on the 27th day of
April, 1915, without a jury, and judgment

rendered against the plaintiff bank, that it take nothing upon its suit, and that the defendant A. M. H. Stark recover upon the $500 note sued on by the bank. Judgment was rendered in favor of the plaintiff Guy M. Bryan, Jr., against D. C. Bland, as principal, and A. M. H. Stark and C. C. Waller as indorsers on the other two notes for the sum of $1,363.56, with interest at the rate of 8 per cent. per annum, and one-half the costs of court, and foreclosure of the vendor's lien was ordered on both notes.

The plaintiff bank in due season filed its motion for a new trial, which was by the court overruled, and the case is regularly before this court upon writ of error. Findings of fact and conclusions of law were filed by the trial court on May 10, 1915, in which the court found that the three notes sued on were vendor's lien notes, and valid obligations given by the defendant Bland to Stark, and by the defendant Stark indorsed, and held by plaintiff. The court further found that the plaintiff bank was not a purchaser for value without notice, and that, therefore, Stark was still the owner of note No. 1, which was the note sued on by said bank. The court also found that the plaintiff Guy M. Bryan acquired the two notes sued on by him, notes Nos. 2 and 3, in due course of business, before maturity, for value, and without any notice or knowledge of any defect therein, and was an innocent purchaser of the notes.

The plaintiff bank filed a petition and bond for writ of error. The defendant A. M. H. Stark filed a supersedeas bond with W. H. Stark and C. A. Stark as sureties, which bond was in proper form, and in due time approved by the clerk.

No assignments of error were filed in the court below by defendant A. M. H. Stark, other than his motion for new trial, nor has the defendant Stark filed in this court a transcript, but one has been filed by the plaintiff in error, Guaranty State Bank, which includes all the proceedings herein referred to. The transcript was applied for by the attorney for the plaintiff bank on June 4, 1915, and delivered to him on June 12, 1915, and was filed in the Court of Civil Appeals for the First Supreme Judicial District of Texas August 27, 1915, and the case was transferred to this court under the order of the Supreme Court of Texas, and filed in this court on the 6th day of September, 1915.

[1] A. M. H. Stark, defendant in the court below, and appellant on his appeal from the judgment, has failed to file brief in the court below or in this court, and Guy M. Bryan, Jr., appellee in this appeal, as to the failure of A. M. H. Stark, submits the case on the transcript and asks the court to affirm said judgment, as it was for delay only that this appeal was made by defendant Stark, and asks the court to affirm the judgment against the appellant in favor of Guy

M. Bryan, Jr., and also against the sureties on his appeal bond for the amount of said judgment, and a 10 per cent. penalty for delay, etc.

It naturally follows that unless there is fundamental error, that wing of the case which disposes of the rights of Guy M. Bryan, Jr., must be affirmed, and no such error appearing, it is so ordered, and the statute so prescribing, it is further ordered that Guy M. Bryan, Jr., recover of the appellant A. M. H. Stark and his sureties on his supersedeas bond 10 per cent. penalty, additional.

No brief is filed by A. M. H. Stark and D. C. Bland in the case of Guaranty State Bank against them, so the case is before us upon record and briefs for plaintiff in error.

The trial court found, as a matter of fact, that the Guaranty State Bank was not a purchaser in good faith of the $500 vendor's lien note sued on by it. In his fifth finding of fact, the trial court finds that the notes sued on were payable to A. M. H. Stark, and were his property, that defendant Waller obtained possession of same from defendant Stark upon false and fraudulent representations of such character and nature as to deprive him of any beneficial ownership thereof, and to amount to a fraudulent taking of the note without consideration. That the fraudulent representations and statements made by said Waller to Stark for the notes, when surrendered to him and indorsed and delivered to him, were known and acquiesced in by the plaintiff bank by its officer, R. F. Butts, such notice being acquired by him in his capacity as representative of said bank, and in furtherance of the business of said bank. In his seventh finding of fact, he finds that the three notes were originally deposited with the Guaranty State Bank, or with Butts, its cashier, in trust, to be held by it to be used finally in payment for stock in the proposed corporation to be known as the Pan-American Trust Company, in which A. M. H. Stark was to become a stockholder to the amount of said note, in addition to other payments he had made, and in which R. F. Butts was to become a stockholder and was to act as treasurer, and the Guaranty State Bank was to be the depository, and that the corporation was to be organized under the laws of Texas, and at said time it was represented to Stark that said proposed corporation had in cash and assets at least the sum of $40,000, all of which was untrue, and said proposed corporation had no assets at said time. In the eighth finding of fact, the court says:

"Subsequent to the deposit of said notes with the Guaranty State Bank and its cashier, R. F. Butts, at the instance of said Butts said notes were indorsed by Stark and transferred to C. C. Waller, who was the organizer of the Pan-American Trust Company, and they were to be held by him as trustee, and subsequent to this time said Guaranty State Bank acquired the note held by it from Waller, to make a transfer of the lien to Butts, and Butts afterwards transferring the same to the bank, and

for this note the Guaranty State Bank canceled an indebtedness it held against Waller in about the sum of $250 and paid him the difference in cash."

[2] The first assigned error by plaintiff in error, Guaranty State Bank, attacks the finding of fact of the court wherein the court finds that the defendant Waller obtained possession of the note in controversy from A. M. H. Stark upon false and fraudulent representations, of such character and nature as to deprive him of the beneficial ownership of them, etc., and also as to his findings of fraud in the representation and statements made by Waller to Stark, upon which said notes were surrendered to him and indorsed and delivered to him, being known and acquiesced in by the Guaranty State Bank through its officer R. F. Butts in his capacity as representative of the bank, and in furtherance of the bank's business; claiming that the evidence does not show that the bank had any knowledge whatever of Butts' transactions in the matter, and that whatever knowledge Butts might have had, as a stockholder and treasurer of the Pan-American Trust Company, was not as the representative and cashier of the plaintiff bank.

Briefly stated, the facts of this case show that originally Waller and Stark had under consideration the formation of the Stark-Waller Syndicate. A copy of a contract to this effect is made a part of the statement of facts. Later, it was determined by them that the Stark-Waller Syndicate could not be made go, and they changed their plans and agreed to go into the Pan-American Trust Company. Mr. Stark met a number of gentlemen in Houston, and he was made president of the Pan-American Trust Company. Prior to the negotiations by Stark and Waller with the Pan-American Trust Company, Stark had sold and transferred the $500 vendor's lien note sued on by the bank to Waller, who was the promoter of the original company, and guaranteed the payment of the note. Waller assigned this note to Butts, who was cashier of the plaintiff bank. Shortly after the transfer of the note by Stark and Waller, Butts sold the note to the Guaranty State Bank for value, before maturity, and the evidence is that the bank bought said note in regular course of business, without any notice of Butts' connection with any fraud perpetrated upon Stark. The evidence shows, also, that after the note was transferred by Butts to the bank, that Stark acquiesced in the proceedings of the company and its officers and stockholders, against whom he charged fraud, and accepted the presidency of said company, and issued stock to his wife and himself as such president for money he had invested in the company, and the vendor's lien note in question in this case. The evidence shows, also, that Stark, after he had found out that the company was not in the condition he thought it was, and had found out that it did not have $40,000,

as represented to him, and had further found out that though the plaintiff bank was made depository for the corporation, no funds were on deposit in said bank to the credit of such corporation, these acts before mentioned as president of said corporation were performed, and in a letter subsequent to such time, he writes Waller and tells him that he has the best proposition he ever saw; that he hadn't time to give to it; that he had already used more time than he should have used in connection with said concern, and that his interests had suffered on account of the same; and in that letter requests Waller to return to him the note; but nowhere says anything about any fraud having been perpetrated upon him. The evidence is conclusive that Butts was acting in his individual capacity when he took the $500 note, and not as cashier of the bank, nor did the bank have any interest whatever in said note until the purchase of the note was presented to the officials of the bank in due course of business, and by said officers purchased from Butts, and for which, according to the facts of the case and the finding of the court, the bank paid full value.

The facts are somewhat voluminous, and the plaintiff in error in his brief has quoted at length from the statement of facts, but, as affects this appeal, we deem it unnecessary to quote at length the testimony of any of the witnesses. Stark himself testified:

"I turned over these two properties over for stock in the Pan-American Trust Company, and did so upon the statements and representations as to the company's condition which were made by Mr. Waller, Mr. Bryan, Mr. Butts, Mr. Boynton, Mr. Ramsey and Mr. Craig."

Again, he testifies:

"He (Waller) knew I had these notes and he said he would give me stock for them. He said he would sell me stock for them in the Pan-American Trust Company, which I agreed to take, and turned the notes over to him for the stock when we got together in Mr. Butts' office, and there is where I signed the notes and there is where I left them."

Again he testified:

"I turned over the notes to Mr. Waller for stock in the company. The purpose of my assigning the notes was for stock in the Pan-American Trust Company. The purpose of transferring the notes to him was for stock in the company. He was the organizer, and I was to sell the balance of the stock. He knew I had these notes, and he would give me stock for them. He said he would, sell me stock for them in the Pan-American Company, which I agreed to take and turned the notes over to him for stock, when he got to Mr. Butts' office. There is where I signed the note, and there is where I left them."

Under these facts, we fail to see wherein the trial court could find that the bank obtained such note with knowledge of fraud. Indeed, we fail to see wherein any fraud was perpetrated on Stark by Butts or any other person, and to our mind, if any fraudulent transactions were indulged, Stark had full knowledge and was a party to the fraud-

ulent transactions. The first assignment of error is, therefore, sustained.

[3] The second assignment of error complains of the finding of fact of the trial court, in paragraph 8, wherein the court finds that subsequent to the deposit of said note with the Guaranty State Bank, etc., claiming that there was no evidence showing that the bank ever received said note on deposit.

As we have heretofore stated in the evidence quoted from Mr. Stark's testimony, there is no evidence in this case to show that the note was ever on deposit with · the bank. On the contrary, so far as the record discloses, the note became the property of the bank by actual purchase for value the first the bank, as a business concern, ever knew of it.

In the written assignment of the note made on October 28, 1912, Stark recites a consideration of $1,500, that the same has been paid by Waller, and binds himself that the notes are a first lien on the land, and that all payments, offsets, and credits have been allowed. He further guarantees the payment of the principal and interest or any extension or renewal thereof, and waives protest, diligence, and suit on the same, the said assignments not to affect his indorsement on the back of the notes. Such being true, it would appear that the notes were never placed in trust with any person, but that a direct assignment of the notes was made, and, taken in connection with Stark's own testimony, one is forced to the inevitable conclusion that the assignment of said notes was for stock in the Pan-American Trust Company, and more than that, that Stark himself, after the assignment, guarantee, etc., of said notes, as president of said company, issued stock to himself and his wife, for which the note was a part of the purchase price, after he had notice that said concern did not have any deposit with said bank. We think the undisputed evidence disputes the proposition and finding of fact by the court that the notes were ever in trust. The second assignment of error is sustained.

[4] The third assignment of error is to the effect that the court erred in holding that the defendant Waller obtained possession of the notes sued on by means of false and fraudulent representations of such character and nature as to amount to a fraudulent taking of the notes, without consideration, and asserts that the evidence shows that the notes were transferred by the defendant A. M. H. Stark to the said Waller, for the purpose of paying for stock to be issued to said Stark in a corporation known as the Pan-American Trust Company. The disposition of the first and second assignments of error disposes of this assignment as well, and the third assignment is, therefore, sustained.

[5] The fourth assignment of error is to the effect that the trial court erred in rendering judgment against the plaintiff, when the evidence showed that the plaintiff purchased the note, sued on by it in this suit, paying full value therefor, before its maturity, and without any knowledge on its part that any fraud had been perpetrated by C. C. Waller upon the defendant, A. M. H. Stark, and without any notice upon its part such as would put it upon inquiry, by means of which it might have learned that any such fraud had been perpetrated; claiming that the uncontroverted evidence showed that the only officer of plaintiff who could have known of such fraud was Butts, the cashier; and all the evidence showing, or tending to show that said Butts knew of the fraud having been perpetrated by Waller upon the defendant Stark, shows that such knowledge was acquired by him when such Butts was not acting in his capacity as the agent of plaintiff, but was acting in his own interest, and as the agent and in the interest of said C. C. Waller and the Pan-American Trust Company; and, therefore, no notice or knowledge received by said Butts could be charged or imputed to the plaintiff. Our disposition of the first three assigned errors disposes of the fourth assignment, and the said assignment of error is therefore sustained.

The fifth assignment of error is because the court erred in holding that this plaintiff was not entitled to judgment upon the note sued on by it in this cause on the grounds that the title and possession of said note had been obtained from the defendant Stark by means of false and fraudulent representations, and was sufficient to entitle said Waller to rescind such transfer and recover said note, and that this plaintiff had notice of such fraudulent misrepresentations; because the uncontroverted evidence showed that the only knowledge or notice that plaintiff had of the transaction between Waller and Stark, of the fraud, if any, perpetrated by Waller upon Stark was obtained through its cashier R. F. Butts, at a time and in the transaction of matters in which he had a personal interest as one of the proposed organizers, incorporators, and treasurer of the Pan-American Trust Company, and that said notes were given to him to be held in trust for said corporation, and such knowledge or notice having been obtained by him in the transaction in which he was personally interested, it was not notice or knowledge to this plaintiff of such fact, and this plaintiff is not bound thereby; and the uncontroverted evidence showing that plaintiff had purchased the note sued on for its full value, and before maturity, and without knowledge or notice other than said cashier Butts might have obtained when not acting for or on behalf of the plaintiff, but for and on behalf of the Pan-American Trust Company, and in matters in which the plaintiff had no interest, but in which the said R. F. Butts had a personal interest, judgment should, therefore, have been rendered for plaintiff.

[6] As we understand the law, a principal is not taxed with notice of facts known to his or its agent or officer when acting in his individual capacity in matters for himself or other concerns, and in which the principal, whether person or concern, has no interest. Mr. Stark testified that he never talked with any official of the Guaranty State Bank except Mr. Butts, nor is there any evidence in the record showing that any of the bank officials other than Butts knew anything about the transactions which were taking place between Stark, Waller, Butts, et al., as to the Pan-American Trust Company, nor as to the assignment and transfer of the note in question, and, as before stated, in a regular, legal proceeding, the undisputed evidence shows that the bank acquired the note by due course of purchase, without notice, for the full value of the note. The fifth assignment of error is, therefore, sustained. Kauffman & Runge v. J. G. Robey et al., 60 Tex. 308, 48 Am. Rep. 264; Harrington v. McFarland, 1 Tex. Civ. App. 289, 21 S. W. 116; Schneider v. Sellers, 98 Tex. 380, 84 S. W. 417; Allen v. Garrison, 92 Tex. 546, 50 S. W. 335; Hawkins v. First Nat. Bk., 175 S. W. 163; Teagarden v. Godley Lbr. Co., 105 Tex. 616, 154 S. W. 973; Bank v. Cruger, 91 Tex. 446, 44 S. W. 278; Am. & Eng. Enc. of Law (2d Ed.) 1st vol. pp. 1145–6.

As we view the case, the plaintiff bank should have recovered on the $500 vendor's lien note held by it, which was note No. 1 of the series of three, and should have been awarded a foreclosure of the vendor's lien, and the judgment of the lower court is, therefore, reversed, and judgment is here rendered for the plaintiff, Guaranty State Bank, for the amount of said note, including interest and attorneys' fees, and also for that half of the costs adjudged against it in the lower court.