## STEVENS v. HUNT.
### No. 3619.

Court of Civil Appeals of Texas. Amarillo.
May 27, 1931.

Kinney & Ritchey, of Miami, for appellant.

Sanders & Scott, of Amarillo, for appellee.

HALL, C. J.

Stevens, the appellant, a resident of Iowa, sued the appellee Hunt to recover upon five promissory notes for the sum of $55 each. He alleged that he purchased the notes before maturity in due course of trade from the payee thereof, the Brenard Manufacturing Company, and was a holder in due course.

The appellee answered, alleging that the notes were given in payment for a phonoradio and agency in Wheeler county, where he lived. He alleged fraudulent representations with reference to the machine, which he says was worthless, and failure of consideration.

In response to three special issues, the jury found in appellee's favor upon the issue of fraud, failure of consideration, and further found that Stevens was not a holder in due course. From a judgment against the appellant, he appeals.

The evidence supports the first two findings, but is not sufficient to sustain the jury's finding upon the issue of due course holder.

The testimony of Stevens and of James L. Records, one member of the partnership which is the payee in the notes, is clear to the effect that Stevens paid value for the notes a few days after their execution, without any notice of defect, if any, in the title. We have carefully reviewed the testimony and are satisfied that the testimony of Hunt shows no circumstance worthy of consideration which would impeach the good faith of Stevens, even if the issue of good faith had been submitted to the jury. The fact that Stevens was an attorney with an unusual financial standing and ability and the further fact that he purchased many negotiable notes and employed another attorney to file suit for collection of such notes, which his bank was unable to collect, are not inconsistent with his contention that he is a due course holder within the meaning of the Negotiable Instruments Law (Rev. St. 1925, art. 5935, § 52). The further fact that Hunt notified him that there was fraud in the procurement of the notes after he had acquired them, does not affect his good faith. His failure to sue upon them promptly upon dishonor has no probative force as the delay may have been due to the negligence of the bank or his attorney. There is no circumstance which could be considered as of any value in contradicting the testimony of both Stevens and Records to the effect that he paid an adequate consideration for the notes without notice of the defect. While the jury is the judge of the credibility of the witnesses and the weight to be given their testimony, they cannot arbitrarily reject clear and positive evidence, unimpeached by any circumstance, and find contrary to such evidence. Grand Fraternity v. Melton, 102 Tex. 399, 117 S.W. 788; Starkey v. H. O. Wooten Gro. Co. (Tex. Civ. App.) 143 S.W. 692; Dallas Hotel Co. v. Newberg (Tex. Civ. App.) 246 S.W. 754.

Upon the insufficiency of the testimony to impeach the title of Stevens, we cite Currie v. Holt (Tex. Civ. App.) 4 S.W.(2d) 309; Tryon & Carter v. Collins (Tex. Civ. App.) 261 S.W. 1055; Jackes-Evans Mfg. Co. v. Goss (Tex. Civ. App.) 254 S.W. 320; Harty v. Keokuk Savings Bank (Tex. Civ. App.) 201 S.W. 419; Guaranty State Bank v. Bland (Tex. Civ. App.) 189 S.W. 546; Daniel v. Spaeth (Tex. Civ. App.) 168 S.W. 509; Security Finance Co. v. Schoenig (Tex. Civ. App.) 292

S.W. 556; Security Finance Co. v. Floyd (Tex. Civ. App.) 294 S.W. 1113; Still v. Stevens (Tex. Civ. App.) 13 S.W.(2d) 956.

In view of another trial it is proper for us to pass upon one other proposition only in which appellant contends that because appellee introduced a part of a letter which Stevens had written to Hunt, the court erred in not admitting in evidence the entire letter. This was not error. While the general rule is that when one party introduces part of a letter or other writing, the other party is entitled to have the whole writing introduced, the rule is not without exceptions. The letter in question contained self-serving declarations and for that reason the court did not err in excluding it. Robertson & Co. v. Russell, 51 Tex. Civ. App. 257, 111 S.W. 205, 209; Heard v. Clegg (Tex. Civ. App.) 144 S.W. 1145.

Because the testimony is insufficient to sustain the third finding of the jury, the judgment is reversed and the cause remanded.